### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH RICHARD PAIGE,<br>                   Petitioner, | CIVIL ACTION |
| v. | |
| WARDEN, FEDERAL BUREAU OF<br>PRISON; THE ATTORNEY GENERAL<br>OF THE STATE OF PENNSYLVANIA;<br>and, DISTRICT ATTORNEY OF<br>PHILADELPHIA,<br>                   Respondents. | NO. 12-5030 |

### O R D E R

**AND NOW,** this 26th day of July, 2013, upon consideration of Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by Joseph Richard Paige, the record in this case, the Report and Recommendation of Chief United States Judge Carol Sandra Moore Wells dated July 2, 2013, and the Objections to the Report and Recommendation filed by petitioner, Joseph Richard Paige,

**IT IS ORDERED** as follows:

1.      The Report and Recommendation of Chief United States Judge Carol Sandra Moore Wells dated July 2, 2013, is **APPROVED** and **ADOPTED**;

2.      The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by petitioner, Joseph Richard Paige, is **DENIED**;

3.      The Objections to the Report and Recommendation filed by petitioner, Joseph Richard Paige, are **OVERRULED**; and,

4.      A certificate of appealability will not issue because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The decision of the Court is based on the following:

The Court is in complete agreement with the Report and Recommendation of Chief

Magistrate Judge Carol Sandra Moore Wells dated July 2, 2013 ("R&R"). It writes at this time

only to explain its ruling on petitioner's Objections to the R&R.

The Petition for Writ of Habeas Corpus alleged that trial counsel was ineffective for:

Claim One:     Failing to investigate the mental status of Commonwealth witness Donald

Edmonds;

Claim Two:    Continuing to represent petitioner despite a conflict of interest arising from

his prior representation of Commonwealth witness Carla Dantzler; and,

Claim Three:  Failing to object to a juror sleeping during the testimony of Donald

Edmonds.

The R & R recommended denial of the Petition on the ground that Claims One and Three

lacked merit under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C.

§ 2254(d), and Claim Three lacked merit under *de novo* review.

Petitioner filed three (3) Objections on July 15, 2013. First, petitioner argued that

Edmonds medical file, which he said was available prior to petitioner's trial in the underlying case,

mentioned Edmonds use of psychotropic medication, and his attorney failed to review it or

question Edmonds about it. On this issue, petitioner also claims that he did not learn of Edmonds

use of psychotropic medications until petitioner's assault trial in 2004, two (2) years after

petitioner's trial in this case.

With respect to petitioner's claim relating to Edmonds, petitioner did not state in his

Habeas Petition the date on which he actually learned about Edmonds' mental health problems.

He alleged only counsel's:

Failure to conduct Pre-trial investigation concerning [the] mental capacity of Commonwealth's star witness: Donald C. Edmonds. Edmunds admitted to Hospital Staff being on antipsychotic medications. Not available, see P.C.R.A. and direct appeal.

The R&R explains that, in state court, petitioner provided some evidence that Edmonds was taking medication for a mental impairment in 2004, two (2) years after the trial in this case. Although petitioner alleged that other evidence existed concerning this claim, he failed to either identify or discuss it with specificity, or present any additional evidence in supporting the claim. What petitioner is now doing is presenting for the first time the argument that Edmonds mental health evidence was available to counsel at the time of the trial in this case. This evidence was not identified in petitioner's Habeas Corpus Petition and it was not presented before the R&R was issued.

With respect to Claim Two, petitioner asserts in the Objections that he previously informed trial counsel that he had a prior sexual relationship with Dantzler and argues that is an additional ground for charging his attorney with a conflict of interest. However, petitioner did not include in his Petition for Writ of Habeas Corpus the fact that he had a prior sexual relationship with Dantzler.

Local Rule of Civil Procedure 72.1(IV)(c) provides as follows:

"All issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge."

The Court concludes that the evidence which petitioner now seeks to present with respect to the availability of Edmonds' mental health records at the time of the trial in this case and the fact that he had a prior sexual relationship with Dantzler must be disregarded because it violates Local

3

Rule of Civil Procedure 72.1(IV)(c) – it was available to petitioner at the time he filed his Habeas Corpus Petition but was not presented to the magistrate judge.   With respect to this determination the Court finds that the interest of justice does not require consideration of this evidence because it was available and simply not presented to the magistrate judge by petitioner.

In his Third Objection petitioner argues that the magistrate judge erred in not finding trial counsel ineffective for failing to object to a juror sleeping during Edmonds' testimony.   That issue was addressed and rejected by the magistrate judge and this Court is in agreement with what the magistrate judge said about that matter in the R&R.   Specifically, this Court concludes that there was adequate evidence to support the finding of the Pennsylvania Superior Court that the sleeping woman was a spectator, not a juror.

Defendant's Objections to the R&R are overruled for all of the foregoing reasons.   In view of the nature of the Objections, an evidentiary hearing is not required.

**BY THE COURT:**

s/ Jan E. DuBois
**DuBOIS, JAN E., J.**